UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SONIA P.,

        Plaintiff,

  vs.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

No. 4:18-CV-5082-LRS

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,** *INTER ALIA*

**BEFORE THE COURT** are the Plaintiff's Motion For Summary Judgment (ECF No. 14) and the Defendant's Motion For Summary Judgment (ECF No. 16).

## JURISDICTION

Sonia P., Plaintiff, applied for Title II Social Security Disability Insurance benefits (SSDI) and Title XVI Supplemental Security Income benefits (SSI) on January 29, 2014. The applications were denied initially and on reconsideration. Plaintiff timely requested a hearing which was held on December 20, 2016 before Administrative Law Judge (ALJ) Gordon W. Griggs. Plaintiff testified at the hearing, as did Vocational Expert (VE) Daniel McKinney. On February 10, 2017, the ALJ issued a decision finding the Plaintiff not disabled. The Appeals Council denied a request for review of the ALJ's decision, making that decision the Commissioner's final decision subject to judicial review. The Commissioner's final decision is appealable to district court pursuant to 42 U.S.C. §405(g) and §1383(c)(3).

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 1**

## STATEMENT OF FACTS

The facts have been presented in the administrative transcript, the ALJ's decision, the Plaintiff's and Defendant's briefs, and will only be summarized here. Plaintiff alleges disability since November 1, 2007, on which date she was 33 years old. At the time of the administrative hearing, Plaintiff was 43 years old. Plaintiff's date last insured for Title II SSDI benefits was June 30, 2012. Plaintiff has past relevant work experience as a flagger, apartment manager, deli clerk, home attendant, grader and sorter of agricultural produce, and cleaner/housekeeper.

## STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence...." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

It is the role of the trier of fact, not this court to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749

F.2d 577, 579 (9th Cir. 1984).

A decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

## ISSUES

Plaintiff argues: 1) the Appeals Council erred when it failed to consider new and material evidence; 2) the ALJ erred in failing to assess Plaintiff's functional illiteracy; 3) the ALJ failed to properly assess Plaintiff's medically determinable and severe impairments; 4) the ALJ erred in his evaluation of medical opinion evidence; 5) the ALJ erred by failing to properly assess the Listings of Impairments; and 6) the ALJ failed to offer specific, clear and convincing reasons for discounting Plaintiff's testimony regarding her pain and limitations.

## DISCUSSION
**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A) and § 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering her age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. *Id*.

The Commissioner has established a five-step sequential evaluation process for

determining whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987). Step one determines if she is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i). If she is not, the decision-maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii) and 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step which determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant is able to perform her previous work, she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv). If the claimant cannot perform this work, the fifth and final step in the process determines whether she is able to perform other work in the national economy in view of her age, education and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and 416.920(a)(4)(v).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496,

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 4**

1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

The ALJ found the following: 1) Plaintiff has "severe" medical impairments, those being history of bilateral carpal tunnel syndrome with residual pain from left release surgery; residual pain from left ulnar nerve entrapment and transposition surgery; type II diabetes mellitus; mild non-proliferative diabetic retinopathy without macular edema bilaterally; mild bilateral foot osteoarthritis and chronic non-united left fifth metatarsal base fracture; obstructive sleep apnea; and obesity; 2) Plaintiff's impairments do not meet or equal any of the impairments listed in 20 C.F.R. § 404 Subpart P, App. 1; 3) Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except she can only occasionally climb ladders, ropes and occasionally crawl; she is limited to frequent handling and fingering bilaterally; she is limited to occasional exposure to hazardous conditions, such as proximity to unprotected heights and moving machinery; and 4) considering Plaintiff's age, education, work experience and RFC, she is capable of performing her past relevant work as a flagger, apartment manager, deli clerk, and cleaner/housekeeper. Accordingly, the ALJ concluded the Plaintiff is not disabled.

**MEDICAL OPINIONS**

It is settled law in the Ninth Circuit that in a disability proceeding, the opinion of a licensed treating or examining physician or psychologist is given special weight because of his/her familiarity with the claimant and his/her condition. If the treating or examining physician's or psychologist's opinion is not contradicted, it can be rejected only for clear and convincing reasons. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if specific, legitimate reasons that are supported by

substantial evidence are given. *Id*. "[W]hen evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The opinion of a non-examining medical advisor/expert need not be discounted and may serve as substantial evidence when it is supported by other evidence in the record and consistent with the other evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

The ALJ found "the record shows that the claimant clearly had some upper extremity impairments" in that "March 2008, March 2010, and March 2014 nerve conduction studies showed an entrapment of the median nerves at the wrists consistent with bilateral CTS [Carpal Tunnel Syndrome], moderate on the right and moderate to severe on the left; and moderate ulnar neuropathy at the left elbow." (*Id*.). The ALJ, however, also found the record contained objective findings "that indicate the claimant's left upper extremity condition is not as serious as alleged." (*Id*.). The ALJ noted that while in April 2014, the Plaintiff underwent surgery for left carpal tunnel release and left elbow ulnar nerve transposition, since those surgeries, the Plaintiff "received only the most conservative treatment (wrist braces)," and had not received "any physical therapy, injections, or further surgery to her upper extremities." (AR at p. 44). According to the ALJ, the Plaintiff "simply [had] not generally received the type of medical attention one would expect for someone who continues to have significant limitations in using her left upper extremity." (*Id*.). The ALJ added that "benign physical examinations "after April 2014 failed to corroborate the alleged severity of Plaintiff's symptoms and limitations," citing as examples that there were no treatment notes of the upper extremities in 2015 and the first half of 2016, and that during examinations which took place between July and October 2016, the Plaintiff did not complain of any pain or limitations in her upper extremities. (*Id*.).

Because Plaintiff "[had] only been treated with wrist braces and [had] not

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 6**

received any other medical attention for CTS the last two and a half years," the ALJ found this "suggested" Plaintiff was not as limited as indicated by state agency physician, Leslie Arnold, M.D., in November 2014. (AR at p. 47). Dr. Arnold reviewed the existing medical record on behalf of the Commissioner. He opined that Plaintiff was limited to occasional handling and fingering bilaterally due to CTS. (AR at pp. 111 and 121). As noted above, the ALJ found Plaintiff was capable of frequent handling and fingering bilaterally.

There is no other medical opinion contradicting Dr. Arnold's opinion that Plaintiff was limited to occasional handling and fingering bilaterally. Instead, the ALJ offered his own opinion that Plaintiff had not received the type of medical attention one would expect. This is not a clear and convincing reason to discount Dr. Arnold's opinion, and the same goes for there being no treatment notes of the upper extremities in 2015 and the first half of 2016, and that during examinations which took place between July and October 2016, the Plaintiff did not complain of any pain or limitations in her upper extremities. Furthermore, as discussed below, the new medical evidence which the Plaintiff submitted to the Appeals Council supports the opinion rendered by Dr. Arnold.

**APPEALS COUNCIL REVIEW**

Following the ALJ's decision, the Plaintiff submitted to the Appeals Council for consideration an April 22, 2017 report from Rox C. Burkett, M.D., a "Board Certified Senior Disability Analyst and Diplomate" who indicates he has worked for 12 years as medical consultant for Utah DDS (Disability Determination Services). (AR at pp. 14-17). In denying the Plaintiff's request for review, the Appeals Council determined Dr. Burkett's report did "not show a reasonable probability that it would change the outcome of the decision," and therefore, "did not consider and exhibit this evidence." (AR at p. 2).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 7**

20 C.F.R. §§ 404.970(a)(5) and 416.1470(a)(5), effective January 17, 2017, provide that the Appeals Council will review a case if "the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the hearing decision, and there is a reasonably probability that the additional evidence would change the outcome of the decision."[1] When the Appeals Council denies a request for review, it is a non-final agency action not subject to judicial review because the ALJ's decision becomes the final decision of the Commissioner. *Taylor v. Commissioner of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). In *Taylor*, the Ninth Circuit observed that the claimant was not asking for reversal of the Appeals Council's denial of the request for review, noting that such a request would be barred by *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996), which does not require the Appeals Council to offer a detailed rationale when faced with new evidence. *Taylor*, 659 F.3d at 1231-32. Dr. Burkett's report was examined by the Appeals Council and made part of the administrative record. This court is entitled to review the additional evidence to determine whether, in light of the record as a whole, the ALJ's decision is supported by substantial evidence and free of legal error. *Taylor*, 659 F.3d at 1232, citing *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993). This court's review is of the ALJ's final decision, not the Appeals Council's

---

[1] The Appeals Council will only consider additional evidence under paragraph (a)(5) if the claimant shows good cause for not informing the Appeals Council or submitting the evidence because of certain specified reasons. 20 C.F.R. §§ 404.970(b) and 416.1470(b). The Appeals Council did not address the issue of "good cause" in its decision denying review, apparently presuming there was good cause, and so this court will not address that issue here.

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 8**

decision to deny review. *See Warner v. Astrue*, 859 F.Supp.2d 1107, 1115 (C.D. Cal. 2012).

Dr. Burkett reviewed the extant medical record and offered the following opinion regarding Plaintiff's upper extremity problems:

> The [Plaintiff] has had chronic and severe upper extremity problems that have and continue to cause her problems. These include left ulnar nerve entrapment and carpal tunnel syndrome. Despite conservative treatment and surgery[,] the claimant continue[s] to have problems to the degree the initial and reconsideration RFC [by Dr. Arnold] assigned "occasional" for manipulation for gross and fine. . . . This is very important as she tried to do some work on 6/2016 and could NOT work because of her ongoing severe bilateral hand and wrists problems. . . . The ALJ concedes the moderate to severe problems . . . yet . . . then cites normal [x-rays] and MRIs and dismisses [the] issue. The nerve problems would NOT show up on imaging. The real credible findings are the abnormal nerve conduction studies . . . . I think the assignment by [Dr. Arnold] of only occasional use of upper extremities is correct or 2/3 loss of both upper extremities.

(AR at p. 15).

Considering Dr. Burkett's opinion along with Dr. Arnold's uncontradicted opinion reinforces the conclusion that the ALJ did not provide "clear and convincing" reasons for rejecting Dr. Arnold's opinion.

**PLAINTIFF'S TESTIMONY RE SYMPTOMS AND LIMITATIONS**

Where, as here, the Plaintiff has produced objective medical evidence of an underlying impairment that could reasonably give rise to some degree of the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ's reasons for rejecting the Plaintiff's testimony must be clear and convincing. *Garrison v. Colvin*, 759 F.3d 95, 1014 (9th Cir. 2014); *Burrell v. Colvin,* 775 F.3d 1133, 1137 (9th Cir. 2014). If an ALJ finds a claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir.2002). Among

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 9

other things, the ALJ may consider: 1) the claimant's reputation for truthfulness; 2) inconsistencies in the claimant's testimony or between her testimony and her conduct; 3) the claimant's daily living activities; 4) the claimant's work record; and 5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Id*. Subjective testimony cannot be rejected solely because it is not corroborated by objective medical findings, but medical evidence is a relevant factor in determining the severity of a claimant's impairments. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ found that Plaintiff's reported activities of daily living were inconsistent with her allegations of severely limiting symptoms. (AR at p. 46). "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). "[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). Rather, "[i]t is only where the level of activity is inconsistent with a claimed limitation that the activity has any bearing on credibility." *Id*. Daily activities therefore "may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of h[er] day engaged in pursuits involving physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). To conclude that a claimant's daily activities warrant an adverse credibility determination, the ALJ must make specific findings relating to the daily activities and the transferability of the activities to the workplace. *Id*.

Here, the ALJ did not make such findings, specifically that anything the Plaintiff did in terms of daily living activities was inconsistent with Dr. Arnold's opinion that Plaintiff was limited to "occasional" handling and fingering bilaterally,

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 10**

equivalent to 1/3 of an 8 hour workday per Dr. Burkett. In fact, the ALJ noted that in June 2016, the Plaintiff attempted to work as a hash brown packer, but stated she lost this job because she could not grip five hash browns in each hand. (AR at p. 47). According to the ALJ, Plaintiff's statement suggested that "**if it were not for her limitations with her hands**, she would have been able to perform this job with her other health problems, such as diabetic retinopathy, foot osteoarthritis, fracture of the fifth toe, sleep apnea and obesity." (AR at p. 47)(emphasis added).

The ALJ did not offer "clear and convincing" reasons for rejecting Dr. Arnold's opinion regarding Plaintiff's handling and fingering limitations and he did not offer "clear and convincing" reasons for discounting Plaintiff's testimony regarding those limitations which is consistent with Dr. Arnold's opinion.

**REMAND**

Social security cases are subject to the ordinary remand rule which is that when "the record before the agency does not support the agency action, . . . the agency has not considered all the relevant factors, or . . . the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Treichler v. Commissioner of Social Security Administration*, 775 F.3d 1090, 1099 (9th Cir. 2014), quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S.Ct. 1598 (1985).

In "rare circumstances," the court may reverse and remand for an immediate award of benefits instead of for additional proceedings. *Id.*, citing 42 U.S.C. §405(g). Three elements must be satisfied in order to justify such a remand. The first element is whether the "ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id.* at 1100, quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). If the ALJ has so erred, the second element is whether there are "outstanding issues that must be resolved before

a determination of disability can be made," and whether further administrative proceedings would be useful. *Id*. at 1101, quoting *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004). "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id*. Finally, if it is concluded that no outstanding issues remain and further proceedings would not be useful, the court may find the relevant testimony credible as a matter of law and then determine whether the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome of [the] proceedings." *Id.*, quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 6 (1969). Where all three elements are satisfied- ALJ has failed to provide legally sufficient reasons for rejecting evidence, there are no outstanding issues that must be resolved, and there is no question the claimant is disabled- the court has discretion to depart from the ordinary remand rule and remand for an immediate award of benefits. *Id*. But even when those "rare circumstances" exist, "[t]he decision whether to remand a case for additional evidence or simply to award benefits is in [the court's] discretion." *Id*. at 1102, quoting *Swenson v.*

Here, the ALJ failed to offer sufficient reasons for rejecting Dr. Arnold's opinion and rejecting Plaintiff's testimony regarding her handling and fingering limitations. There are no outstanding issues to resolve and further administrative proceedings would not be useful. The VE testified that all of Plaintiff's past relevant work required frequent to continuous bilateral use of hands. (AR at p. 77). The VE testified that all of this work would be eliminated if it was assumed Plaintiff was limited to "occasional" handling and fingering bilaterally. (*Id.*). Asked whether he could identify any jobs that might be suitable if Plaintiff was limited to "occasional" handling and fingering bilaterally, the VE testified as follows:

> [T]here are some jobs in the [Dictionary of Occupational Titles] where that would be appropriate, but the vast majority of sedentary and light unskilled jobs require frequent to continuous bilateral use of the hands. The jobs that there are would be odd-lot types of jobs like sandwich board holder or an usher that

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 12**

> are either odd-lot or part-time and school bus monitor.
>
> So, I don't think there are jobs that a person could do with that limitation at . . . sedentary and light unskilled or lower semi-skilled jobs. Any jobs that they would have access to would be odd-lot or part-time work . . . .

(AR at p. 79).

Based on the VE's testimony, the record taken as a whole leaves "not the slightest uncertainty as to the outcome of [the] proceedings" that Plaintiff is disabled and entitled to Title XVI SSI benefits. Based on his review of the medical record, all dating from 2014 (AR at pp. 105-06), Dr. Arnold concluded the evidence was insufficient to establish that Plaintiff was disabled on June 30, 2012, her date last insured (DLI) for Title II SSDI benefits. (AR at pp. 107 and 117). There is nothing in the record to persuade that any of Plaintiff's other physical or mental conditions were of disabling severity on or before June 30, 2012 (e.g., Dr. Barnard's mental evaluation occurred in June 2016 (AR at p. 46), and it was not until 2016 that Plaintiff was seen for foot pain with July and October 2016 x-ray images showing that Plaintiff had a chronic left fifth metatarsal base fracture (AR at p. 45)).

## CONCLUSION

Plaintiff's Motion For Summary Judgment (ECF No. 14) is **GRANTED** and Defendant's Motion For Summary Judgment (ECF No. 16) is **DENIED**. The Commissioner's decision is **REVERSED**.

//
//
//
//
//
//
//

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 13**

Pursuant to sentence four of 42 U.S.C. §405(g) and § 1383(c)(3), this matter is **REMANDED** for immediate payment of Title XVI SSI disability benefits to the Plaintiff.

**IT IS SO ORDERED.** The District Executive shall enter judgment accordingly, forward copies of the judgment and this order to counsel of record, and **close the case**.

**DATED** this ___24th___ day of January, 2019.

*s/Lonny R. Suko*

LONNY R. SUKO
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 14**